O’NIELL, C. J.
 

 This is an action for damages for an alleged violation of contract. The plaintiffs bought from the defendant, in the fall of the year, a certain quantity of sugar cane in the defendant’s field, to be windrowed by defendant, and taken up and planted by plaintiffs in the early part of the next year. The cane rotted in the windrows. Plaintiff's aver that defendant’s obligation under the contract was to windrow the cane in such manner that it would be suitable for seed cane, and that defendant violated the obligation by neglecting to windrow the cane until a freeze came and injured a part of it, and that “all of it was improperly put down and badly and improperly covered.” Defendant denied the allegations of fault or negligence, and pleaded the prescription of one
 
 *1053
 
 year, on the theory that this was a redhibitory action. The court heard the ease on its merits and decided against the plaintiffs, sustaining the plea of prescription. At the same time the court found that there was no delay on defendant’s part in windrowing the cane, nor fault in the manner of windrowing it. Plaintiffs have appealed from the decision, and in their brief they request that we decide the case on its merits instead of remanding it if we overrule the plea of prescription.
 

 We find it unnecessary to decide whether this is a redhibitory action, subject to the prescription of one year. It was admitted by one of the plaintiffs in his testimony, and is in fact conceded, that the cane was at the plaintiff's’ risk in the windrows, if it was not frozen before it was windrowed. It happens often that seed cane that is perfectly sound when windrowed rots in the windrows, if the winter season is very dry or if it is very wet. The plaintiffs bought this cane on the 14th of November, which was rather late in the season for putting dpwn seed cane. The weather had been mild until that morning; but the temperature was then falling fast, and a freeze was predicted, which the plaintiffs knew. One of them telephoned to the manager of defendant’s plantation, in the morning of the 14th of November, saying that they were coming then to close the deal for the seed cane. They arrived an hour or so later, and, having closed the bargain, requested the manager of defendant’s plantation to have the cane windrowed as soon as possible. He informed them that he had put a large force of hands to work windrowing the cane, on receipt of their telephone message. The work was continued all day as fast as the men could work. All of the cane was cut and thrown into the windrows, and about half of it was covered with dirt, when night came on. During the night the temperature fell three degrees below the freezing point; but the evidence shows that the freeze could not have injured the cane in the windrows, even that which was not covered with dirt, but protected only by its own leaves and tops. That part of the cane, when taken out of the windrows, was in the same condition as that which had been covered with dirt before the freeze. The covering of the cane with dirt was completed on the morning of the 15th of November; and it is proven, and was not denied by any witness, that the work was well done and the land well drained. The season in which the cane remained in the Windrows was unusually unfavorable. There was a rainy season of 58 days; and seed cane in that part of the state was generally bad that year, when the weather permitted it 'to be planted, in the spring. There is some doubt, of course, as to what caused plaintiffs’ cane to rot; but there is no proof that the defendant was guilty of any fault or negligence in the matter.
 

 The judgment is affirmed at appellants’ cost